UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RUSSEL AZUETA,

                                        Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER ROBERT JACKSON (6TH PRECINCT) & JOHN DOE POLICE OFFICERS 1-2,

                                        Defendants.

**ANSWER**

08 CV 1883 (JGK)(KNF)

Jury Trial Demanded

------------------------------------------------------------------- x

        Defendants City of New York and Robert Jackson by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint.

        4.     Deny the allegations set forth in paragraph "4" of the Complaint.

        5.     Deny the allegations set forth in paragraph "5" of the Complaint.

        6.     Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

        7.     Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

        8.     Deny the allegations set forth in paragraph "8" of the Complaint, except admit that a document that plaintiff purports to be notice of claim was received on or about January 18, 2008.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that a complaint was filed on or about February 26, 2008.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Robert Jackson is employed by the City of New York as a police officer.

12. Deny the allegations set forth in paragraph "12" of the Complaint except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York State Charter.

13. In response to the allegations set forth in paragraph "13" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. In response to the allegations set forth in paragraph "17" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. In response to the allegations set forth in paragraph "21" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33.     At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City of New York has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and/or negligent conduct of others and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35.     Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36.     At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37.     Plaintiff's claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

38.     The individual defendant did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, is protected by qualified immunity.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:　　　New York, New York
　　　　　　May 19, 2008

         MICHAEL A. CARDOZO
         Corporation Counsel of the
          City of New York
         Attorney for Defendants City of New York and
         Robert Jackson
         100 Church Street
         New York, New York 10007
         (212) 227-0414

         By: _____
           Karl J. Ashanti (KA 4547)
           Assistant Corporation Counsel
           Special Federal Litigation Division

To:　　Carmen S. Giordano, Esq. (By ECF and Mail)
　　　　Law Office of Carmen S. Giordano
　　　　Attorney for Plaintiff
　　　　225 Broadway, 40th Floor
　　　　New York, New York 10007
　　　　(212) 406-9466

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **May 19, 2008**, I served the annexed **Answer** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Carmen S. Giordano, Esq.
Law Office of Carmen S. Giordano
225 Broadway, 40th Floor
New York, New York  10007

Dated: New York, New York
       May 19, 2008

_____
Karl J. Ashanti
Assistant Corporation Counsel

Index No. 08 CV 1883 (JGK)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSSEL AZUETA,

Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER ROBERT JACKSON (6TH PRECINCT) & JOHN DOE POLICE OFFICERS 1-2,

Defendants.

## ANSWER

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti*
*Tel: (212) 227-0414*
*NYCLIS No. 2008-007106*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................... , 200......

................................................................................ *Esq.*

*Attorney for* ................................................................