UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RUSSEL AZUETA,

                                                 Plaintiff,

- against -

THE CITY OF NEW YORK,
POLICE OFFICER ROBERT JACKSON
(6TH PRECINCT), SGT. MICHAEL BRODERICK
& OFFICER ARTHUR TRUSCELLI,

                                                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

AMENDED COMPLAINT

08 cv 01883

PLAINTIFF DEMANDS
A TRIAL BY JURY

      Plaintiff, by his attorney, CARMEN S. GIORDANO, complaining of Defendants, respectfully allege:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et. seq.* for an incident of police brutality and deprivation of protected rights, including rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, which transpired on or about November 2, 2007, when law enforcement officers employed by THE CITY OF NEW YORK used excessive force, assaulted, battered, wrongfully detained and maliciously prosecuted him in New York County, New York.

2. On November 2, 2007, at approximately 11:00 p.m. in the vicinity of the 300 West 10th Street, New York County, State of New York, Defendant POLICE OFFICER ROBERT JACKSON, SGT. MICHAEL BRODERICK and OFFICER ARTHUR TRUSCELLI, without probable cause or justification, threatened, attacked, manhandled, forcibly grabbed, pushed and assaulted Plaintiff while Plaintiff was speaking on his cell phone peacefully and lawfully at the aforementioned location.

3. Defendants falsely accused Plaintiff of urinating on the street, notwithstanding that he was not doing so and was speaking on a cell phone at the time. When Plaintiff stated to the Defendants that they were wrong for harassing

him and issuing him a summons and should be pursuing real criminals, one of the police officers with no physical provocation whatsoever forcefully struck and pushed Plaintiff (a small man) to the ground causing him to sustain physical injuries, including a dislocated left shoulder, fractured humerus and bones and significant tearing and other injuries to the tissues, ligaments and components of the shoulder and arm, and further causing Plaintiff emotional distress, humiliation and embarrassment.

    4.    An independent eye witness and passersby observed the entire incidence and the unjustified conduct of the Defendants who, after issuing Plaintiff a bogus summons and forcefully pushing him to the ground, departed in their patrol car without summoning emergency medical assistance for the Plaintiff despite his pleas for help. The eye witness summoned an ambulance to the scene and waited for the arrival of the ambulance.

    5.    Defendant PO ROBERT JACKSON and the other individual Defendants then returned to the scene when the ambulance arrived, but rendered no assistance to the Plaintiff who was taken to the emergency room Hospital, pretending that they

did not know how he was injured.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 in that this action arises under 42 U.S.C. §1983 *et. seq.*, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because the incident transpired in and the Defendant THE CITY OF NEW YORK resides in this District. Additionally, all Defendants are subject to personal jurisdiction in this District.

8. Prior to the commencement of this action, and within ninety days after the instant claim arose, Plaintiff caused a Notice of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK, by delivering to and leaving the

same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notice of Claim set forth the name and post office address of the Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable. Over thirty days have elapsed since the service of such Notice of Claim and the THE CITY OF NEW YORK has failed to settle or adjust this matter.

9. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

10. At all relevant times, Plaintiff is and was a resident of Kings County, New York.

11. At all times relevant hereto, Defendants, acted in their official capacities, and were employees, agents, or servants of the Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. §1983 *et. seq*.

12. Defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

## AS AND FOR A FIRST CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFF AGAINST Defendant POLICE OFFICER ROBERT JACKSON and SGT. MICHAEL BRODERICK and OFFICER ARTHUR TRUSCELLI

13. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

14. On or about November 2, 2007, Defendants POLICE OFFICER ROBERT JACKSON and SGT. MICHAEL BRODERICK and OFFICER ARTHUR TRUSCELLI, acting intentionally, recklessly and/or with a deliberate indifference to the rights, life and liberty of Plaintiff, assaulted, battered and caused physical and mental injuries to Plaintiff.

15. As a result of the foregoing, Defendants, acting under color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States and the State of New York including those rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, their right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

16. As a result of the foregoing, Plaintiff was caused to suffer bodily injury, loss of liberty, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

## AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFF AGAINST Defendant POLICE OFFICER ROBERT JACKSON and SGT. MICHAEL BRODERICK and OFFICER ARTHUR TRUSCELLI

17. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

18. On or about November 2, 2007, Defendants, acting without probable

cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, wrongfully detained and maliciously prosecuted Plaintiff.

19.  As a result of the foregoing, Defendants, acting under color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States including those rights protected by the Fourth and Fourteenth Amendments, their right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

20.  As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional and psychological pain, and was otherwise injured.

### AS AND FOR A THIRD "*MONELL*" CLAIM PURSUANT TO 42 U.S.C. §1983 BY PLAINTIFF AGAINST THE CITY OF NEW YORK

21.  Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

22. The aforesaid conduct of the individual Defendants was occasioned and conducted pursuant to, and was the result of, the unconstitutional customs, usages, practices and/or policies of Defendant THE CITY OF NEW YORK, including a failure to train, supervise, and discipline the individual Defendants herein.

23. As a result of the foregoing, Defendants, in violation of 42 U.S.C. §1983 thereby deprived Plaintiff of rights secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments to the U.S. Constitution and laws of the State of New York.

24. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

### AS AND FOR A FOURTH CLAIM FOR ASSAULT AND BATTERY BY PLAINTIFF AGAINST ALL DEFENDANTS

25. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

26. On or about November 2, 2007, Defendants intentionally placed Plaintiff in apprehension of imminent harmful contact, and Defendants, in a hostile manner, and without the consent of Plaintiff, intentionally caused harmful bodily contact with Plaintiff as described herein.

27. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

### AS AND FOR A FIFTH CLAIM FOR MALICIOUS PROSECUTION
### BY PLAINTIFF AGAINST ALL DEFENDANTS

28. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

29. On or about November 2, 2007, Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against Plaintiff who was criminally prosecuted therefore until such prosecution was terminated in his

favor.

30.  As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

   a. Compensatory damages;

   b. Punitive damages;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorney's fees;

   e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
July 17, 2008

        Yours, etc.,

        Law Office of Carmen S. Giordano
        *Attorney for Plaintiff*

        By: _____
        Carmen S. Giordano (CSG-3927)
          225 Broadway, 40th Floor
          New York, NY 10007
          (212) 406-9466