UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                         :

RUSSEL AZUETA,

                         :

       Plaintiff,

                         :

     -against-                         ORDER

                         :

THE CITY OF NEW YORK, ET AL.,        08 Civ. 1883 (JGK)(KNF)

                         :

       Defendants.
-----------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

A telephonic conference was held with counsel to the respective parties on November 9, 2009, to address a discovery dispute that had been brought to the Court's attention via correspondence and to fix the time for a settlement conference.

Based upon the discussion had during the conference,  IT IS HEREBY ORDERED that:

1.    the plaintiff's application, that x-rays taken of him during an examination, pursuant to Fed. R. Civ. P. 35, and any copies thereof be surrendered to him and, further, that the defendant be sanctioned for causing the x-rays to be taken, is denied. However, the defendant shall provide to the plaintiff, expeditiously, copies of the subject x-rays and the report generated by the physician who examined the plaintiff on behalf of the defendant, pursuant to Fed. R. Civ. P. 35; and

2.      a settlement conference will be held with the parties on November 23, 2009, at

2:30 p.m.  The procedures under which the settlement conference will be

conducted are being provided to the parties with a copy of this order.

Dated:  New York, New York                              SO ORDERED:
            November 10, 2009

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

-2-

Revised: April 28, 2009

## INDIVIDUAL RULES OF PRACTICE OF
## JUDGE KEVIN NATHANIEL FOX

Unless otherwise ordered by Judge Kevin Nathaniel Fox, matters before Judge Fox shall be conducted in accordance with the following practices.  These practices are applicable to matters before Judge Fox if the matter is within the scope of the District Judge's Order of Reference or if the case is before Judge Fox pursuant to the parties' consent under 28 U.S.C. § 636(c).  Otherwise, the practices of the District Judge to whom the case is assigned apply.

**N.B.  Failure to comply with a court order or an applicable rule may result in the imposition of a sanction(s), including the dismissal of the action.**

### 1.  Communications With Chambers

**A.  Letters.**  Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel.  Copies of correspondence between counsel shall not be sent to the Court.

**B.  Telephone Calls.**  Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention.  In such situations only, call chambers at (212) 805-6705.

**C.  Faxes.**  Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel.  No document longer than 10 pages may be faxed without prior authorization.  Do not follow with hard copy. The fax number is (212) 805-6712.

**D.  Docketing, Scheduling, and Calendar Matters.**  For docketing, scheduling and calendar matters, call Edward Pekarek at (212) 805-6710 between 9:30A.M. and 5:00P.M.

**E.  Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether

the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached.  If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

2.  **Motions**

   **A.  Pre-Motion Conferences in Civil Cases.**  For discovery motions, follow Local Civil Rule 37.2.  For motions other than discovery motions, pre-motion conferences are not required.

   **B.  Courtesy Copies.**  Courtesy copies of all motion papers, marked as such, should be submitted for chambers.

   **C.  Memoranda of Law.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages.  Memoranda of 10 pages or more shall contain a table of contents.

   **D.  Filing of Motion Papers.**  Motion papers shall be filed promptly after service.

   **E.  Oral Argument on Motions.**  Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed.  The court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

3.  **Pretrial Procedures**

   **A.  Joint Pretrial Orders in Civil Cases.**  Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case, the parties shall submit to the court for its approval a joint pretrial order, which shall include the following:

      i.   The full caption of the action.

      ii.  The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

      iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief

statement by each other party as to the presence or
absence of subject matter jurisdiction.  Such
statements shall include citations to all statutes
relied on and relevant facts as to citizenship and
jurisdictional amount.

iv.  A brief summary by each party of the claims
and defenses that party has asserted which remain to be
tried, without recital of evidentiary matter but
including citations to all statutes relied on.  Such
summaries shall identify all claims and defenses
previously asserted which are not to be tried.

v.  A statement by each party as to whether the
case is to be tried with or without a jury, and the
number of trial days needed.

vi.  A statement as to whether or not all parties
have consented to trial of the case by a magistrate
judge (without identifying which parties have or have
not so consented).

vii.  Any stipulations or agreed statements of
fact or law which have been agreed to by all parties.

viii.  A statement by each party as to the
witnesses whose testimony is to be offered in its case
in chief, indicating whether such witnesses will
testify in person or by deposition.

ix.  A designation by each party of deposition
testimony to be offered in its case in chief, with any
cross-designations and objections by any other party.

x.  A list by each party of exhibits to be offered
in its case in chief, with one star indicating exhibits
to which no party objects on grounds of authenticity,
and two stars indicating exhibits to which no party
objects on any ground.

**B.  Filings Prior to Trial in Civil Cases.**  Unless
otherwise ordered by the Court, each party shall file, 15
days before the date of commencement of trial if such a date
has been fixed, or 30 days after the filing of the final
pretrial order if no trial date has been fixed:

i.  In jury cases, requests to charge and proposed
voir dire questions.  When feasible, proposed jury

3

charges should also be submitted on a 3.5" diskette in WordPerfect version 5.1 or higher format;

     ii.  In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

     iii.  In all cases, motions addressing any evidentiary or other issues which should be resolved _in limine_;

     iv.  In any case where such party believes it would be useful, a pretrial memorandum; and

     v.  In all cases, copies of each party's pre-marked trial exhibits.